**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **KAPPA DIGITAL, LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>1) **IRIDIUM COMMUNICATIONS INC.;**<br>2) **DELORME INREACH, LLC;**<br>3) **BLUE SKY NETWORK LLC; and**<br>4) **GILCOM TECHNOLOGIES, INC.,**<br><br>    Defendants. | **CIVIL ACTION NO. 2:14-cv-935**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1.   This is an action for patent infringement in which Kappa Digital, LLC ("Kappa" or "Plaintiff"), makes the following allegations against Iridium Communications Inc. ("Iridium"), DeLorme inReach, LLC ("DeLorme"), Blue Sky Network LLC ("BSN"), and Gilcom Technologies, Inc. ("GTI") (collectively, "Defendants").

## PARTIES

2.   Plaintiff is a Texas limited liability company with its principal place of business at 1333 W. McDermott Drive, Suite 241, Allen, Texas 75013. Kappa's president is Daniel F. Perez.

3.   On information and belief, Defendant Iridium Communications Inc. is a Delaware corporation with its principal place of business at 1750 Tysons Blvd. Suite 1400, McLean, Virginia 22102. Iridium's Registered Agent in Texas appears to be Corporation Service Co., 211 E. 7th St., Suite 620, Austin, Texas 78701.

4.   On information and belief, Defendant DeLorme inReach, LLC, is a Maine corporation with its principal place of business at 8675 W 96th St., Suite 220, Overland Park, Kansas 66212. DeLorme does not appear to have a Registered Agent in Texas.

5.   On information and belief, Defendant Blue Sky Network LLC, is a Delaware corporation with its principal place of business at 1298 Prospect Street, Suite 1D, La Jolla, California 92037. BSN does not appear to have a Registered Agent in Texas.

6. On information and belief, Defendant Gilcom Technologies, Inc., is a Delaware corporation and corporate relative – either parent or subsidiary – of BSN, with its principal place of business also at 1298 Prospect Street, Suite 1D, La Jolla, California 92037.  GTI does not appear to have a Registered Agent in Texas.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

9. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,349,135

10. Plaintiff is the owner by assignment of United States Patent No. 6,349,135 ("the '135 Patent") entitled "Method And System For A Wireless Digital Message Service"– including all rights to recover for past and future acts of infringement.  The '135 Patent issued on Feb. 19, 2002.  A true and correct copy of the '135 Patent is attached as Exhibit A.

11. Upon information and belief, Iridium has been and now is, directly or through intermediaries, making, made, having made, installing, installed, using, used, importing, imported, providing, provided, supplying, supplied, distributing, distributed, selling, sold, offering and/or offered for sale products, services and/or systems (the "infringing systems") that infringe or, when used by their intended users in the manner intended by Iridium, infringe(d) one or more claims of the '135 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Without limiting or waiving Plaintiff's right to later amend or supplement its

Complaint, Iridium's infringing systems include, but are not limited to, the Iridium Messaging service(s) provided via Iridium's 95xx Satellite Phones, Iridium's AeroPhone+ phones, Iridium's AxcessPoint WiFi devices, Iridium's Pilot broadband devices and Iridium's Transceiver devices. Use of these infringing products and the services in their intended manner, and as they are designed and/or programmed to operate – specifically with respect to providing a satellite-connected device the ability to send and/or receive text messages – appear to infringe one or more claims of the '135 Patent. Furthermore, Iridium appears to act as sole the service provider to users of these infringing systems – resulting in use of the infringing systems by end-users under the influence and control of Iridium. Iridium thus directly and indirectly infringes, jointly infringes, contributes to and/or induces infringement of one or more claims of the '135 Patent. Defendant Iridium is thus liable for infringement of the '135 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

12. Upon information and belief, DeLorme has been and now is, directly or through intermediaries, making, made, having made, installing, installed, using, used, importing, imported, providing, provided, supplying, supplied, distributing, distributed, selling, sold, offering and/or offered for sale products, services and/or systems (the "infringing systems") that infringe or, when used by their intended users in the manner intended by DeLorme, infringe(d) one or more claims of the '135 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Without limiting or waiving Plaintiff's right to later amend or supplement its Complaint, DeLorme's infringing systems include, but are not limited to: DeLorme's inReach Explorer and inReach SE products. Use of these infringing systems in their intended manner, and as they are designed and/or programmed to operate – specifically with respect to providing a satellite-connected device the ability to receive text messages – appear to infringe one or more claims of the '135 Patent. Furthermore, DeLorme appears to act as sole the service provider to users of the infringing systems – resulting in use of the infringing systems by end-users under the influence and control of DeLorme. DeLorme provides its users and subscribers service via Iridium's satellite network  DeLorme thus directly and indirectly infringes, jointly infringes, contributes to and/or induces infringement of one or more claims of the '135 Patent. Defendant DeLorme is thus liable for infringement of the '135 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

13. Upon information and belief, BSN and GTI – either jointly, separately, or one partially through operation of the other – have been and now are, directly or through intermediaries, making, made, having made, installing, installed, using, used, importing, imported, providing, provided, supplying, supplied, distributing, distributed, selling, sold, offering and/or offered for sale products, services and/or systems (the "infringing systems") that infringe or, when used by their intended users in the manner intended by BSN and GTI, infringe(d) one or more claims of the '135 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Without limiting or waiving Plaintiff's right to later amend or supplement its Complaint, BSN and GTI's infringing systems include, but are not limited to: BSN's Hawkeye series, D1000, D2000 and ACH100 products.  BSN and GTI also market, sell, offer to sell and provide services for Iridium's infringing 95xx Satellite Phones and AxcessPoint WiFi devices.  Use of these infringing systems in their intended manner, and as they are designed and/or programmed to operate – specifically with respect to providing a satellite-connected device the ability to receive text messages – appear to infringe one or more claims of the '135 Patent.  BSN and GTI offer service to users of the infringing systems via Iridium and Iridium's satellite network.  BSN and GTI thus directly and indirectly infringe, jointly infringe, contribute to and/or induce infringement of one or more claims of the '135 Patent.  Defendants BSN and GTI are thus liable for infringement of the '135 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of, the '135 Patent;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '135 Patent;

3. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '135 Patent as provided under 35 U.S.C. § 284;

4. An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendants' prohibited conduct with notice made at least as early as the service date of this Complaint, as provided under 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

6. Any and all other relief to which Plaintiff may show itself to be entitled.

### DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

October 7, 2014                               Respectfully Submitted,

**KAPPA DIGITAL, LLC**

By: /s/ Ronald W. Burns
Ronald W. Burns
Texas State Bar No. 24031903
Ronald W. Burns, Esq.
15139 Woodbluff Drive
Frisco, Texas  75035
Phone:  972-632-9009
rburns@burnsiplaw.com

**ATTORNEY FOR PLAINTIFF
KAPPA DIGITAL, LLC**